☐ ¦ ORIGINAL

**FILED**

12/27/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0722

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 23-0722

CENTRON SERVICES, INC., DBA: ROCKY
MOUNTAIN PROFESSIONAL,

Plaintiff and Appellee,

v.

CESAR CAMEY,

Defendant and Appellant.

**FILED**

**DEC 2 7 2023**

Bowen Greenwood
Clerk of Supreme Court
State of Montana

**ORDER**

Self-represented Appellant Cesar Camey has filed a verified Petition for an Out-of-Time Appeal and has attached various documents from the Municipal Court for the City of Helena and the Lewis and Clark County District Court.

Camey asserts that he "properly filed a timely Notice of Appeal with the Municipal and District Court. . . ." Camey asserts that he complied with all the necessary steps. Camey states that he disagrees with the Motion to Dismiss, filed by Centron Services, Inc., and with the District Court's Order Dismissing Appeal.

We have reviewed Camey's attachments and obtained copies of documents from the District Court. On February 14, 2023, the Municipal Court entered a Judgment against Camey for $4,341.03, including the principal sum, filing fees, and service fees. Camey sought an appeal in the District Court on March 1, 2023, and the court received the Municipal Court's record. The District Court set a briefing schedule the next day.

Centron Services, Inc. moved for dismissal of Camey's appeal to the District Court because Camey did not file an undertaking for an appeal of a money judgment to District Court. The District Court granted the motion.

Section 25-33-201(1), MCA, provides, in pertinent part:

[A]n appeal from a justice's or city court is not effectual for any purpose unless an undertaking is filed, with two or more sureties, in a sum equal to

twice the amount of the judgment, including costs, when the judgment is for the payment of money.

As an alternative to filing an undertaking, Camey could have deposited with the court the amount of the judgment appealed plus $300. Section 25-33-205, MCA. If Camey was financially unable to comply with the requirements of § 25-33-201(1), MCA, or § 25-33-205, MCA, he could have sought a determination of indigency from the District Court, which would have resulted in a waiver of the undertaking requirements. Section 25-33-201(4), MCA. The record does not reflect, and Camey does not contend, that he complied with any of these alternative options.

M. R. App. P. 4(6) allows this Court to grant an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice[.]" "Extraordinary circumstances do not include mere mistake, inadvertence, or excusable neglect." M. R. App. P. 4(6).

Camey did not comply with the requirements to perfect an appeal of the Municipal Court Judgment to the District Court. The District Court dismissed his appeal on that basis. Camey has not demonstrated extraordinary circumstances, and a denial of his Petition will not amount to a gross miscarriage of justice. Therefore,

IT IS ORDERED that Camey's Petition for an Out-of-Time Appeal is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to: the Honorable Michael F. McMahon, District Court Judge; Angie Sparks, Clerk of Court, under Cause No. BDV-23-144; counsel of record; and Cesar Camey personally.

DATED this 2̲1̲ day of December, 2023.

_____
Chief Justice

2

_____

_____

_____

_____
Justices